## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | Frank Trionfo, et al. v. Bank of America, N.A.  No. 15-2068 |
| **Originating No. & Caption** | Frank Trionfo, et al. v. Bank of America, N.A   No. 15-cv-00925 |
| **Originating Court/Agency** | The United States District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 9/02/2015 | |
| Date notice of appeal or petition for review filed | 9/10/2015 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ⦿ Yes | ○ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| In January 2013, the United States Consumer Financial Protection Bureau issued a number of regulations supplementing the provisions of the Real Estate Settlement Procedures Act (RESPA) requiring mortgage servicers to follow certain guidelines for processing loss mitigation applications  See 12 C.F.R. § 1024.41 (the "Loss Mitigation Guidelines").  These guidelines became effective on January 10, 2014. |
| Appellants Frank and Suzanne Trionfo are homeowners whose mortgage loan is serviced by Appellee Bank of America, N.A.  Due to financial hardship brought on by medical problems and the Great Recession, Appellants fell behind on their mortgage payments.  Appellee notified Appellants of their delinquency and encouraged them to apply for loss mitigation programs offered by Appellee to prevent foreclosure on their home—such as a loan modification or repayment plan.  On March 24, 2014, Appellants submitted a complete loss mitigation application to Appellee. |
| (continued on attached page) |

Nature of Case

(…continued)

On March 31, 2015, Appellants filed a Class Action Complaint on behalf of themselves and all others similarly situated in the U.S. District Court for the District of Maryland.  The Complaint alleged that Appellee violated RESPA because Appellee failed to adhere to the requirements of the Loss Mitigation Guidelines.  Appellants also alleged that Appellee's conduct with regard to Appellants' loss mitigation programs violated the Maryland Consumer Protection Act (MCPA), Md. Comm. Law, §§ 13-101 *et. seq.*

On May 26, 2015, Appellee filed a motion to dismiss the Complaint, which Appellants opposed. On September 2, 2015, the district court issued an order granting Appellee's motion to dismiss and closing the case.  On September 10, 2015, Appellants timely filed their notice of appeal.

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

1. Did the district court err in dismissing Appellants' RESPA claim based on factual assertions made by Appellee that were not part of the allegations in the Complaint?

2. Did the district court err in dismissing Appellants' RESPA claim by applying the Loss Mitigation Guidelines retroactively?

3. Did the district court err in ruling that Appellants failed to state a claim for violation of MCPA § 13-301(5)?

4. Did the district court err in ruling that Appellants failed to allege claims under MCPA §§ 13-301(1), (3), (9) and 13-303(4)-(5)?

5. Did the district court err by refusing to consider allegations in the Complaint that were relevant to Appellants' claims?

6. Did the district court err in ruling that Appellants' had failed to adequately allege a violation of MCPA § 13-316(c)?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| Adverse Party: Bank of America, N.A. | Adverse Party: Bank of America, N.A. |
|---|---|
| Attorney: Keith Levenberg<br>Address: Goodwin Procter LLP<br>901 New York Ave, N.W.<br>Washington, D.C. 20001 | Attorney: James W. McGarry<br>Address: Goodwin Procter LLP<br>53 State St.<br>Boston, MA 02109 |
| E-mail: klevenberg@goodwinprocter.com | E-mail: jmcgarry@goodwinprocter.com |
| Phone: (202) 346-4000 | Phone: (617) 570-1000 |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Appellant** (Attach additional page if necessary.)

| Name:  Frank Trionfo and Suzanne Trionfo | Name: Frank Trionfo and Suzanne Trionfo |
|---|---|
| Attorney: Lorenzo B. Cellini<br>Address: 2000 L Street, N.W<br>Suite 808<br>Washington, D.C. 20036 | Attorney: Jonathan K. Tycko<br>Address: 2000 L Street, N.W<br>Suite 808<br>Washington, D.C. 20036 |
| E-mail: lcellini@tzlegal.com | E-mail: jtycko@tzlegal.com |
| Phone: (202) 973-0900 | Phone: (202) 973-0900 |

**Appellant (continued)**

| Name: Frank Trionfo and Suzanne Trionfo | Name: |
|---|---|
| Attorney: Geoffrey G. Bestor<br>Address: The Bestor Law Firm<br>2701 Calvert Street, N.W, #1109<br>Washington, D.C. 20008 | Attorney:<br>Address: |
| E-mail:  gbesq@bestorlaw.com | E-mail: |
| Phone: (240) 463-8503 | Phone: |

**Signature:** /s/ Lorenzo B. Cellini          **Date:** 9/25/2015

**Counsel for:** Frank Trionfo and Suzanne Trionfo

**Certificate of Service**: I certify that on ___Sept. 25, 2015___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Keith Levenberg<br>Goodwin Procter LLP<br>901 New York Ave, N.W.<br>Washington, D.C. 20001 | James W. McGarry<br>Goodwin Procter LLP<br>53 State St.<br>Boston, MA 02109 |
| Signature: /s/ Lorenzo B. Cellini | Date: 9/25/2015 |